UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Virginia Prust, Individually and as Special Administrator for the Estate of Valmor Prust, Deceased,<br><br>      Plaintiff,<br> v.<br><br>Weyerhaeuser Company, *a corporation*; 3M Company, *a corporation*; Clarkson Industries, Inc., *a corporation*; Donaldson Company, Inc., *a corporation*; Gardner Denver, Inc., *a corporation*; Metropolitan Life Insurance Company, *a corporation*; Owens-Illinois, Inc., *a corporation*; Joseph Wendlick, *an individual*,<br><br>      Defendants. | Case No. 3:14-cv-143 |

### DONALDSON COMPANY, INC.'S MOTION FOR LEAVE TO PRESENT DOCUMENTS OUSTIDE OF THE COMPLAINT IN SUPPORT OF 12(b)(6) MOTION TO DISMISS

Donaldson Company, Inc. ("Donaldson"), through its attorneys Crivello Carlson, S.C., respectfully requests leave of the court to present documents outside of the pleadings in support of its contemporaneously filed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The request for leave to present the documents – a Purchase Agreement and publicly available records of the Minnesota Secretary of State – is made pursuant to the Briefing Guidelines for the United States District Court for the Western District of Wisconsin.

In this matter, plaintiff Richard Masephol's complaint contains only conclusory and minimal allegations about Donaldson, namely that Donaldson "is responsible for the conduct of Carter Day." (Compl. ¶ 6). Although the complaint allegations do not make explicit the bases of the leap from the allegedly harmful conduct of non-party Carter-Day to the allegation that

1

Donaldson is "responsible" for the conduct of Carter-Day, the complaint appears to contemplate Donaldson's purchase of Carter-Day assets. As such, the terms of the Purchase Agreement as the source of the alleged "responsibility" are referenced in and also central to Mr. Masephol's claims against Donaldson.

On a motion to dismiss, the Court may consider documents that are "referred to in the plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted); *Wagner v. Dept. of Health Svcs.*, No. 12-cv-463-wmc, 2013 U.S. Dist. LEXIS 99629, at *6 n.2 (W.D. Wis. July 17, 2013). Donaldson submits with its motion to dismiss a copy of the Purchase Agreement, along with publicly available business records from the Minnesota Secretary of State's website. *See* Rhoades Decl., Exs. 1 and 2. These documents make clear the deficiencies in the allegations and the complaint's failure to state a claim against Donaldson. Donaldson asks that the court consider these documents in support of its 12(b)(6) motion without converting it to one for summary judgment. *See Adams*, 742 F.3d at 729 (EEOC pleadings referenced in Title VII complaint were deemed incorporated into the pleadings and district court need not have converted motion to one for summary judgment based on defendant submitting some of these documents in support of 12(b)(6) motion); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (a court may consider "documents contained in the public record" without converting the motion into one for summary judgment); *W. States Envelope Co. v. Midwest Envelopes I, Inc.*, No. 12-CV-561, 2013 U.S. Dist. LEXIS 145326, at *15 (E.D. Wis. Oct. 8, 2013) (taking judicial notice of Illinois Secretary of State website information and considering it as reliable); Fed. R. Evid. 201(d) (judicial notice may be taken at any stage of the proceedings).

In the event the Court grants this motion, Donaldson is attaching the Purchase Agreement and Secretary of State records to its motion to dismiss pleadings for the Court's consideration. To the extent the Court denies this motion for leave to present the Purchase Agreement and Secretary of State records, Donaldson asks that the Court consider its motion to dismiss as if the document were not presented.

## CONCLUSION

For the foregoing reasons, Donaldson Company, Inc. respectfully requests that the Court grant it leave to present the purchase agreement attached to its motion to dismiss pleadings.

Dated this 24th day of April, 2014.

                        CRIVELLO CARLSON, S.C.
                        Attorneys for defendant, Donaldson Company, Inc.

BY:    *s/ Travis J. Rhoades*
        TRAVIS J. RHOADES
        Wis. Bar No. 1033267
        JULIE P. WILSON
        Wis. Bar No. 1034792
        710 N. Plankinton Avenue, Ste. 500
        Milwaukee, WI 53203
        Phone: (414) 271-7722
        Fax: (414) 271-4438
        Email: trhoades@crivellocarlson.com
               jwilson@crivellocarlson.com