IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VIRGINIA PRUST, Individually and as Special Administrator for the Estate of VALMORE PRUST, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WEYERHAEUSER COMPANY, et al.,<br><br>Defendants. | Case No. 3:14-cv-00143-wmc |

**OWENS-ILLINOIS, INC.'S MOTION TO DISMISS
WITH ITS SUPPORTING MEMORANDUM OF LAW**

Owens-Illinois, Inc. ("Owens-Illinois") submits this motion to dismiss with its supporting memorandum of law pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff alleges that her deceased husband, Valmore Prust, was exposed to asbestos and contracted lung cancer more than four years ago. Pl.'s First Am. Compl. ¶ 17, ECF No. 32. For three reasons, Plaintiff's First Amended Complaint fails as a matter of law and should be dismissed with prejudice: (1) Plaintiff's claims are barred by the doctrine of claim preclusion; (2) Plaintiff's claims are barred by the statute of limitations; and (3) Plaintiff's allegations fail to state any claim upon which relief can be granted against Owens-Illinois as a patent licensor.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi.*

*Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under the federal notice pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

A motion to dismiss should be granted when the complaint does not plead a cause of action recognized by the law of the jurisdiction. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 55 (7th Cir. 1982) (affirming district court's dismissal of claim). Although ordinarily plaintiffs are given leave to amend, a district court may dismiss a complaint with prejudice when it is clear that the plaintiff cannot cure the defect. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

## ARGUMENT

### I. Plaintiff's Claims Are Barred by the Doctrine of Claim Preclusion.

#### A. Plaintiff's Claims Have Been Dismissed on the Merits as to Owens-Illinois.

Plaintiff's claims against Owens-Illinois have been dismissed on the merits for failure to comply with a court order. Order at 1, Feb. 26, 2014, attached as Ex. A; Order at 1-4, Feb. 11, 2014, attached as Ex. B.  Under Wisconsin law, claim preclusion bars a future claim when there was a final judgment on the merits involving a claim that was or could have been litigated between the same parties or their privies. *Menard, Inc. v. Liteway Lighting Prods.*, 282 Wis. 2d 582, 596, 698 N.W.2d 738, 745 (2005). The order dismissing Plaintiff's prior action satisfies these elements and prevents Plaintiff from relitigating her claims.

Last year, Plaintiff sued Owens-Illinois in the Eastern District of Wisconsin based on the same alleged asbestos exposure and injury.  Order at 1, Feb. 11, 2014.  Owens-Illinois moved to dismiss the complaint because Plaintiff's claims were barred by the statute of limitations.  *Id.* After transfer to MDL 875, the court granted Owens-Illinois's motion and dismissed Plaintiff's complaint without prejudice and with leave to refile. *Id.* at 4. Specifically, the court held that Plaintiff must allege a particular date to avoid dismissal:

> By omitting from the complaint ***the date, or approximate date if no specific date is ascertainable, at which Decedent knew or should have known that his lung cancer was caused by asbestos***, Plaintiff has failed to set out sufficient factual matter to support her claims. Defendant is entitled to notice of this date, or approximate date, in order to adequately defend against Plaintiff's allegations. Accordingly, Plaintiff's complaint must be dismissed. However, the liberal approach to pleading embodied

> by Federal Rule of Civil Procedure 15 provides that "an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." Therefore, the Court will permit Plaintiff leave to refile her complaint in light of this Court's decision.

*Id.* at 4 (emphasis added) (citations omitted).

Plaintiff never filed an amended complaint as she was ordered. Order at 1, Feb. 26, 2014. Nor did Plaintiff seek leave to clarify or modify this order. Accordingly, the MDL 875 court entered an order under Rule 41(b), dismissing her complaint and marking her case as closed. *Id.* That dismissal "was entirely appropriate" under Third Circuit standards. *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (failure to file amended complaint prejudices defendants and compels dismissal); *Jones v. New Jersey Bar Ass'n*, 242 Fed. App'x 793, 794 (3d Cir. 2007) (same); *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (citing *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996)) (same).

Additionally, the dismissal was on the merits — with prejudice — because the order did not state otherwise. Order at 1, Feb. 26, 2014; *see also* Fed. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."). In fact, as the Seventh Circuit has explained under similar circumstances, "[i]gnoring deadlines and orders marks the abandonment of a suit, as surely as does filing a notice of dismissal," and such neglect "does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994) (affirming dismissal with prejudice for failure to file amended complaint).

Because Wisconsin claim preclusion bars a lawsuit when there was a final judgment on the merits involving a claim that was or could have been litigated between the same parties or their privies, *see Menard*, 282 Wis. 2d at 596, 698 N.W.2d at 745, and the order dismissing Plaintiff's prior action against Owens-Illinois satisfies these elements, *see* Order at 1, Feb. 11, 2014, Plaintiff's First Amended Complaint fails as a matter of Wisconsin law.

### B. Plaintiff's Serial Litigation Violates Wisconsin Law.

Moreover, as a policy matter, Wisconsin law prohibits multiple actions for the same cause. *Barricade Flasher Serv., Inc. v. Wind Lake Auto Parts, Inc.*, 338 Wis. 2d 144, 807 N.W.2d 697 (Wis. App. Ct. 2011), *review denied*, 340 Wis. 2d 544, 811 N.W.2d 819 (Wis. 2012). *Barricade* holds that a dismissal on the merits is appropriate under Wisconsin law when a party files a duplicate case based on the same claim. *Id.* Here, just as in *Barricade*, Plaintiff filed a new action in this Court after her complaint was dismissed by an adverse ruling by the MDL 875 court. *Id.*

"A party may not circumvent a ruling it does not like in one case by filing a new action.'" *Id.* at 148, 807 N.W.2d at 699 (ellipses omitted) (quoting *Aon Risk Servs., Inc. v. Liebenstein*, 289 Wis. 2d 127, 710 N.W.2d 175 (Wis. Ct. App. 2005)). It "would lead to unnecessarily multiplicitous litigation and would frustrate circuit courts' ability to control their own dockets. It could also produce inconsistent results in a case." *Payday Loan Store of Wis. Inc. v. Krueger*, 346 Wis. 2d 237, 245, 828 N.W.2d 587, 591 (Wis. Ct. App. 2013). For all of these reasons, Plaintiff's First Amended Complaint should be

dismissed with prejudice because her claims are barred by the doctrine of claim preclusion.

## II. Plaintiff's Claims Are Barred by the Statute of Limitations.

As the MDL 875 court held, Plaintiff's First Amended Complaint also fails because her claims are barred by the statute of limitations. Plaintiff alleges claims under both the Wisconsin survival statute, Wis. Stat. § 895.01, and the Wisconsin wrongful death statute, Wis. Stat. §§ 895.03 and 895.04. Pl.'s First Am. Compl. ¶¶ 22-26. Because the statute of limitations expired here on January 5, 2013, and Mr. Prust had no viable claim at the time of his death,[1] Plaintiff's claims fail as a matter of law.

### A. Plaintiff's Survival Claims Are Time-Barred.

Wisconsin survival claims are filed by the personal representative of the estate to recover for pre-death pain and suffering. *Bartholomew v. Wisconsin Patients Comp. Fund & Compcare Health Servs. Ins. Corp.*, 293 Wis. 2d 38, 61-67, 717 N.W.2d 216, 228-29 (Wis. 2006). Those personal injury claims survive death only by statute. Wis. Stat. § 895.01. But a personal injury lawsuit must be filed within three years. Wis. Stat. § 893.54; *see also Jaeger v. Raymark Indus., Inc.*, 610 F. Supp. 784, 787-88 (D. Wis. 1985).

The personal injury alleged here is Mr. Prust's lung cancer. Pl.'s First Am. Compl. ¶ 17. In the First Amended Complaint, Plaintiff admits that Mr. Prust's lung cancer was diagnosed on January 5, 2010 — more than four years before Plaintiff filed

---

[1] Plaintiff's First Amended Complaint alleges two inconsistent dates of death. Pl.'s First Am. Compl. ¶ 2 (May 17, 2013), ¶ 22 (August 18, 2013).

this lawsuit on February 21, 2014. *Id.* Therefore, the three-year statute of limitations bars Plaintiff's survival claims. Wis. Stat. § 893.54; *Jaeger*, 610 F. Supp. at 787-88.

### B. Plaintiff's Wrongful Death Claims Are Time-Barred.

Wisconsin wrongful death claims are filed on behalf of a statutorily named beneficiary for post-death loss of society and companionship. *Bartholomew*, 293 Wis. 2d at 61-67, 717 N.W.2d at 228-29. Wrongful death claims are derivative of the claims for personal injury. Wis. Stat. § 895.03; *Ruppa v. Am. States Ins. Co.*, 91 Wis. 2d 628, 646, 284 N.W.2d 318, 325 (Wis. 1979). So Wisconsin law "mandates that a wrongful death action cannot be brought unless the decedent, at the time of his death, was entitled to maintain an action and recover damages." *Miller v. Luther*, 170 Wis. 2d 429, 437, 489 N.W.2d 651, 653 (Wis. Ct. App. 1992) (citations omitted); *Lord v. Hubbell, Inc.*, 210 Wis. 2d 150, 166, 563 N.W.2d 913, 920 (Wis. Ct. App. 1997) ("A wrongful death claim is derivative of the decedent's claim for personal injury in that there is liability under the former only if and to the extent that the injured person could have recovered had death not occurred.").

Here, because the three-year statute of limitations on Mr. Prust's personal injury claims expired on January 5, 2013, Mr. Prust had no viable cause of action when he died. Pl.'s First Am. Compl. ¶¶ 2, 17, 22. And Plaintiff does not state plausible allegations as to the discovery rule for *Mr. Prust*. *Id.* at ¶ 18; *cf.* Order at 4, Feb. 11, 2014 (requiring "the date, or approximate date if no specific date is ascertainable, at which *Decedent* knew or should have known that *his* lung cancer was caused by asbestos" (emphasis added)). Accordingly, Plaintiff has failed to state a wrongful death claim

based on Mr. Prust's time-barred claim for personal injury. Wis. Stat. § 895.03; *Miller*, 170 Wis. 2d at 437, 489 N.W.2d at 653.

### C. Allowing Plaintiff's First Amended Complaint Would Violate Owens-Illinois's Due Process Rights.

"In Wisconsin the expiration of the statute of limitations does more than merely close the door of the courthouse. The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (marks and citation omitted). As the Seventh Circuit and Wisconsin courts have held, the purpose of a statute of limitations is protecting defendants against stale claims and ensuring a fair administration of justice. *See id.*; *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 334 (Wis. 1997); *Korkow v. Gen. Casualty Co.*, 117 Wis. 2d 187, 198-99 (Wis. 1984) (citation omitted).

Here, Owens-Illinois has "acquired a right to a right to assert the statute of limitations bar by operation of Wisconsin law" and "would suffer plain legal prejudice" if the Court denies this motion to dismiss. *Wojtas*, 477 F.3d at 927-28. There is likely missing evidence that would have allowed Owens-Illinois to test Plaintiff's allegations. Medical records may have been destroyed; pathology samples, if any ever existed, have been disposed of; and physicians and other witnesses have passed away. Thus, Plaintiff's First Amended Complaint should be dismissed because the claims are barred by the statute of limitations, and Owens-Illinois has a right to that dismissal with prejudice.

### III. Plaintiff Has No Claim Against Owens-Illinois for Product Liability Based on Its Licensing a Patent.

Plaintiff's product liability claims, which are pled against Owens-Illinois only as a patent licensor, fail because they have no basis in Wisconsin law. No Wisconsin case has ever recognized a product liability action—based on either negligence or strict liability—against a patent licensor. In fact, Plaintiff's allegations contravene Wisconsin law and patent law.

#### A. Plaintiff's Allegations Contravene Patent Law.

Plaintiff's allegations contradict both patent law and the patent at issue, U.S. Patent No. 2,593,050 (filed Jan. 24, 1952), attached as Ex. C.[2] A patent "creates a limited opportunity to obtain a property right in an idea." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 149 (1989). That "patent-right is incorporeal property, not susceptible of actual delivery or possession." *Waterman v. Mackenzie*, 138 U.S. 252, 260 (1891). "A patent is not the grant of a right to make or use or sell." *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 647 F.3d 1373, 1375 (Fed. Cir. 2011) (citations omitted). Instead, a patent grants a negative property right: "the right to exclude others from making, using, offering for sale, or selling the invention." 35 U.S.C. § 154(a)(1). Plaintiff cannot maintain a product liability claim against Owens-Illinois, based not on a product, but an idea.

---

[2] The Court may consider documents that are "referred to in the Plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted); *Wagner v. Dept. of Health Servs.*, No. 12-cv-463-wmc, 2013 WL 3776327, at *6 n.2 (W.D. Wis. July 17, 2013) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Furthermore, Plaintiff's allegation is incorrect that Owens-Illinois "designed and sold licenses for a patent to manufacture of fire doors incorporating asbestos-containing cores." Pls.' First Am. Compl. ¶ 7.[3] It is a "bedrock principle" of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005); *accord Aro Mfg., Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 339 (1961) ("[T]he claims made in the patent are the sole measure of the grant."). The invention claimed here by Owens-Illinois exists only in the claims and not the specification of the '050 patent. *See Smith v. Snow*, 294 U.S. 1, 11 (1935) ("[T]he claims of the patent, not its specifications, measure the invention."); *Comark Commc'n, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998) ("[L]imitations from the specification are not to be read into the claims.").

The '050 patent does not require asbestos. *See* U.S. Patent No. 2,593,050 col. 4 l. 34 - col. 6 l. 30 (filed Jan. 24, 1952). None of the claims requires asbestos. *Id.* Instead, the '050 patent claims a "door or panel" comprising, in part, "a core of inorganic, rigid, fire-proof, light weight material of a substantially uniform apparent density and consistency throughout . . . ." *Id.* What core material any licensee, like Weyerhaeuser Company, ultimately used in its fire doors did not depend on the '050 patent or the patent license with Owens-Illinois.

---

[3] Even if Plaintiff's allegation was accurate, which it is not, it would not matter. There is no viable product liability cause of action for licensing intellectual property.

B.  **Plaintiff Has No Strict Liability Claim Against Owens-Illinois Based on Its Licensing a Patent.**

Although Plaintiff asserts strict products liability against Owens-Illinois (*see* Pls.' First Am. Compl. ¶¶ 38-45), no Wisconsin case has ever imposed strict liability on a patent licensor. Strict liability extends only to "manufacturers, distributors and sellers—those who place or maintain the product in the stream of commerce." *St. Clare Hosp. of Monroe, Wis. v. Schmidt, Garden, Erickson, Inc.*, 148 Wis. 2d 750, 757, 437 N.W.2d 228, 231 (Wis. Ct. App. 1989). Wisconsin cases and federal cases applying Wisconsin law have refused repeatedly to extend strict liability against companies that did not place the product in the stream of commerce. *See Tatera v. FMC Corp.*, 2009 WI App 80, ¶¶ 16-21, 319 Wis. 2d 688, 701-03, 768 N.W.2d 198, 204-05, *rev'd on other grounds*, 2010 WI 90, ¶¶18-19, 328 Wis. 2d 320, 786 N.W.2d 810 (refusing to apply strict liability to provider of brake shoe linings it did not manufacture or sell that it had processed before incorporating them into a finished product); *Affiliated FM Ins. Co. v. Trane Co.*, 831 F.2d 153, 155 (7th Cir. 1987) (refusing to apply strict liability to a non-manufacturer product designer); *Geboy v. TRL Inc.*, 159 F.3d 993, 999-1000 (7th Cir. 1998) (refusing to apply strict liability to occasional buyers and sellers or brokers of used industrial machine products); *Fish v. Amsted Indus., Inc.*, 126 Wis. 2d 293, 310, 376 N.W.2d 820, 828 (Wis. 1985) (refusing to apply strict liability to successor of manufacturer of defective product).

To hold Owens-Illinois strictly liable as a patent licensor would require an expansion of Wisconsin strict liability law — an expansion that the Seventh Circuit has

already held the Wisconsin Supreme Court would not permit. *Affiliated FM Ins.*, 831 F.2d at 155. In *Affiliated*, the Seventh Circuit decided whether the Wisconsin Supreme Court would impose strict liability on a designer of a heater, which was manufactured by a different company. *Id.* at 154. The Seventh Circuit determined that, because no Wisconsin case law permitted strict liability against non-manufacturer designers, holding the defendant strictly liable would require an expansion of Wisconsin law. *Id.* at 154-55.

Indeed, the Seventh Circuit explained the Wisconsin Supreme Court's own reluctance to extend strict liability:

> We conclude that the legislature is in a better position to make broad public policy decisions in actions based on products liability law. . . . The questions concerning the effect on the manufacturing business, the potential size and economic strength of successor corporations, the availability of commercial insurance and the cost of such insurance are all questions we cannot answer. These are the type of questions that the legislature is in a better position to ascertain. If such a basic change in corporation law is to be made it would seem reasonable for the change to come about through legislation rather than court decision.

*Id* at 155 (*quoting Fish*, 126 Wis. 2d at 310, 376 N.W.2d at 828-29). Following this reasoning, the Seventh Circuit refused to extend strict liability to a non-manufacturer designer. *Id.*

Here, as a patent licensor, Owens-Illinois did not place or maintain any product in the stream of commerce. *See id.* at 154-55; *see also St. Clare Hosp.*, 148 Wis. 2d at 757, 437 N.W.2d at 231. Weyerhaeuser Company — not Owens-Illinois — manufactured, distributed, and sold the asbestos-containing fire doors. Accordingly, Plaintiff's First

Amended Complaint fails to state a strict liability claim against Owens-Illinois as a patent licensor.

### C. Plaintiff Has No Negligence Claim Against Owens-Illinois Based on Its Licensing a Patent.

To assert a product liability action based on negligence, a plaintiff must allege (1) a duty of care on the part of the defendant, (2) a breach of that duty, (3) a causal connection between the conduct and the injury, and (4) an actual loss or damage as a result of the injury. *Green v. Smith & Nephew AHP, Inc.*, 2001 WI 109, ¶ 55, 245 Wis. 2d 772, 810, 629 N.W.2d 727, 745. Duty is a threshold question of law for the court. *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶58, 236 Wis. 2d 435, 459, 613 N.W.2d 142, 154. Wisconsin law does not impose a duty on a company, which is in the chain of distribution, but did not manufacture, assemble, inspect, or use the product. *Geboy,* 159 F.3d at 1000-01.

In *Geboy*, the Seventh Circuit affirmed judgment for five prior owners of a vertical boring mill. *Id.* They never assembled, inspected, or used the mill. *Id.* Indeed, two prior owners never had physical possession of mill. *Id.* at 1001. The Seventh Circuit refused to impose a legal duty of care and create negligence liability, explaining that "[t]o expose every business that comes into contact with a product to potential liability 'would shock the conscience of society because it would have no sensible or just stopping point.'" *Id.* at 1000.

Here, as in *Geboy*, Owens-Illinois did not manufacture, sell, assemble, inspect, use, or even possess the products that allegedly caused Mr. Prust's lung cancer. Instead,

Owens-Illinois licensed a patent to Weyerhaeuser Company. Owens-Illinois's role as a patent licensor is even more remote and tenuous than the defendants' roles in *Geboy*. Absent any legal duty running from Owens-Illinois to Mr. Prust based on its licensing a patent, the entire structure of his negligence claim—breach of duty, causation, damages—fails as a matter of law. *Geboy*, 159 F.3d at 1000-01.

For all of these reasons, Plaintiff's First Amended Complaint fails to state any claim upon which relief can be granted against Owens-Illinois as a patent licensor.

## CONCLUSION

Owens-Illinois respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice.

Dated: May 30, 2014

Respectfully submitted,

By: /s/Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant Owens-Illinois, Inc.*

- 15 -

## CERTIFICATE OF SERVICE

      I certify that on May 30, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson  
Brian O. Watson

15640-1257

CH2\14800438.1