IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

              Plaintiff,

v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

              Defendants.

OPINION AND ORDER

14-cv-143-wmc

---

In this civil action, plaintiff Virginia Prust bring claims against defendants arising out of her late husband Valmore Prust's exposure to asbestos and resulting lung cancer and asbestosis. Before the court are two motions. In the first, defendant Weyerhaeuser Company, the former owner of a door manufacturing plant where Valmore Prust worked and asbestos fireproofing products were produced, moves for judgment on the pleadings on the grounds that the claims brought against it are barred by Wisconsin's Workers' Compensation Act. (Dkt. #54.) In the second motion, defendant Owens-Illinois Company seeks dismissal of product liability claims premised on Owens-Illinois' licensing of a patent claiming a fireproof door. (Dkt. #40.) The court will grant both motions for the reasons set forth in *Boyer v. Weyerhaeuser*, No. 14-cv-286 (W.D. Wis. Aug. 22, 2014).[1]

---

[1] The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff Virginia Prust is, and her late husband Valmore Prust was, a citizen of Wisconsin. (1st Am. Compl. (dkt. #32) ¶¶ 1-2.) As explained in the *Boyer* opinion the named defendants are citizens of states other than Wisconsin. The court will dismiss the "unknown insurers" as defendants for reasons also explained in *Boyer*.

Both defendants assert other bases for dismissing plaintiff's claims, which the court will address briefly. Defendants contend that this action is: (1) barred by the doctrine of claim preclusion because the MDL court previously dismissed the same action on the merits; and (2) barred by the applicable statute of limitations. As for the first argument, while the MDL court dismissed plaintiff's cause of action, contrary to defendants' motion, it did so without citing to Fed. R. Civ. P. 41(b). *In re: Asbestos Products Liability (No. VI), Prust v. Various Defendants*, MDL Docket No. 875, No. 13-60021 (E.D. Pa. Feb. 26, 2014) (dkt. #25). The event that prompted the court's order was plaintiffs' failure to file an amended complaint by the court-imposed deadline of February 21, 2014, instead choosing to file a new complaint in this court on that date. Whether the court treated the plaintiffs' filing in this court six days before its order as a request for dismissal, or was even aware of that filing, is unclear from the record, but clearly this was the basis for the court's refusal to reconsider its order:

> Plaintiff did not refile her complaint in this Court despite being granted leave to do so. Instead, Plaintiff filed a new complaint in the Western District of Wisconsin. Plaintiff is effectively asking to proceed with her case in two separate jurisdictions. Accordingly, the Court did not err in closing Plaintiff's case in this Court as a new complaint was not filed here, and Plaintiff has elected to proceed in the Western District of Wisconsin. Therefore, the Motion for Reconsideration is denied.

*Prust, supra* (E.D. Pa. Mar. 31, 2014) (dkt. #26 at p.2). Accordingly, the MDL court's order is more properly characterized as issued pursuant to Rule 42(a)(2), which is without prejudice unless "the order states otherwise." Even if the MDL's original dismissal order and order on plaintiff's motion for reconsideration were issued pursuant

to Rule 41(b), it also contemplates that plaintiff would proceed in this court on her claims, a statement wholly inconsistent with a presumption that the MDL court's Rule 41(b) dismissal was with prejudice. Accordingly, the court rejects defendants' challenge based on claim preclusion.

Second, defendants also seek dismissal of plaintiff's claims as barred by the statute of limitations. Unlike the MDL complaint, however, plaintiff now expressly alleges a discovery date of October 2013, well within the three year statute of limitations. Defendants contend that plaintiff (or rather the deceased, Valmore Prust) should have discovered the cause of his injury well in advance of that date, but this argument goes beyond the scope of a motion to dismiss. *See Hennekens v. Hoerl*, 160 Wis. 2d 144, 172, 465 N.W.2d 812, 824 (1991) ("Applying the legal standard to the facts, even undisputed facts, for purposes of the discovery rule is ordinarily an issue of fact for the fact-finder.").

Accordingly, while the court will grant both motions consistent with *Boyer*, it rejects those other arguments posited by defendants specific to the Prust's complaint.

ORDER

IT IS ORDERED that:

1) defendant Weyerhaeuser Company's motion for judgment on the pleadings (dkt. #54) is GRANTED. Count III and IV of plaintiffs' first amended complaint are dismissed with prejudice and defendant Weyerhaeuser is dismissed from this action;

2) defendant Owens-Illinois Inc.'s motion to dismiss (dkt. #40) is GRANTED. Counts I and II of plaintiff's first amended complaint premised on Owens-Illinois's role as a licensor are dismissed with prejudice; and

3

3) plaintiff may have until September 22, 2014, to file an amended complaint asserting claims against Owens-Illinois as the manufacturer of Kaylo door cores, assuming they can do so in good faith.

Entered this 22nd day of August, 2014.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          WILLIAM M. CONLEY
                                          District Judge