IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

                   Plaintiff,

   v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

                   Defendants.

OPINION AND ORDER

14-cv-143-wmc

---

In an opinion and order dated June 2, 2015, the court denied defendant Weyerhaeuser's motion to dismiss in this action and in several other related asbestos actions. (Dkt. #155.) In so ruling, the court missed that defendant Weyerhaeuser raised a challenge under Federal Rule of Civil Procedure 12(b)(5).[1] Defendant represents that it has not been properly served as required under Federal Rule if Civil Procedure 4 because Weyerhaeuser served the original complaint, rather than the amended complaint which was the operative pleading at the time of filing. (Def.'s Br. (dkt. #85) 5-6.) Since more than 120 days have lapsed since the filing of this action, defendant urges this court to dismiss this action pursuant to Federal Rule of Civil Procedure 4(m). For the reasons that follow, the court will deny defendant's motion, but will require plaintiff to properly serve the amended complaint within thirty days.

---

[1] While the brief raises a challenge under Rule 12(b)(5), the motion fails to so state. (*See* dkt. ## 84, 85.) Also, the court need not have reached this issue also raised in defendant's first motion to dismiss, having granted that motion. Having then granted plaintiff's motion for reconsideration, defendant renewed this argument in the second motion to dismiss.

OPINION

While defendant cites to Rule 4(m), it utterly fails to provide any reason why the court should dismiss this action, rather than extending the time for service. Federal Rule of Civil Procedure 4(m) governs the time limit in which service must occur and the possible consequences of failing to do so, and provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Even absent a showing of good cause, it is still within the court's discretion to extend the deadline. *See Henderson v. United States*, 517 U.S. 654, 662-63 n.10 (1996). In determining whether to extend the deadline, the court is to consider:

> (1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served.

*Cardenas v. City of Chi.*, 646 F.3d 1001, 1006 (7th Cir. 2011).

In response, plaintiff contends that the motion is moot because the amended complaint now is the operative pleading and defendant was properly served with that complaint. (Pl.'s Opp'n (dkt. #86) 2.) Defendant, in its reply, however, contends that plaintiff simply emailed the amended complaint to defendant which fails to satisfy the requirements of Rule 4. (Def.'s Reply. (dkt. #92) 2.) Without wading into this dispute, and without determining whether plaintiff has established good cause for extending the

deadline, the court will nonetheless extend the deadline finding both that defendant had actual notice of this lawsuit and that an extension in no way will prejudice its ability to defend against this lawsuit.[2]  Plaintiff has until July 3, 2015, to properly serve defendant Weyerhaeuser with the operative pleading as required under Rule 4 and to file proof of such service.

## ORDER

IT IS ORDERED that:

1) defendant Weyerhaeuser Company's motion to dismiss for lack of service of process pursuant to Rule 12(b)(5) is DENIED; and

2) plaintiff has until July 3, 2015, to properly serve defendant Weyerhaeuser with the operative pleading as required under Rule 4 and file such proof of service with the court.  **Failure to do so will result in prompt dismissal of all claims against defendant Weyerhaeuser.**

Entered this 3rd day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] At this point, it seems silly that Weyerhaeuser would not waive service of process.