IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

                Plaintiffs,                ORDER

   v.

                                             14-cv-286-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, OWEN-ILLINOIS, CO.,

                Defendants.

---

RICHARD MASEPHOL,

                Plaintiffs,

   v.

                                             14-cv-186-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

JANET PECHER, *Individually and as Special
Administrator on behalf of the Estate of Urban Pecher*,

                Plaintiffs,

   v.

                                             14-cv-147-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

                Plaintiff,

v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

14-cv-143-wmc

---

ROGER SEEHAFER and JANICE SEEHAFER,

                Plaintiffs,

v.

WEYERHAEUSER COMPANY and OWENS-ILLINOIS INC.,

                Defendants.

14-cv-161-wmc

---

WESLEY F. SYDOW and THERESA SYDOW,

                Plaintiffs,

v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

14-cv-219-wmc

---

In the above-captioned asbestos cases, plaintiffs seek reconsideration or clarification of the court's order granting in part defendant Weyerhaeuser Company's motion to dismiss plaintiffs' negligent nuisance and intentional nuisance claims, specifically precluding plaintiffs from relying on "Clean Air Act, 42 U.S.C. § 7401 et seq.,

regulations, including the Environmental Protection Agency's National Emission Standards for Hazardous Air Pollutants, to demonstrate the standard of care or how Weyerhaeuser allegedly departed from that standard." (6/2/15 Op. & Order ('286 dkt. #174) 1.) Plaintiffs seek reconsideration of the motion on the basis that some courts have allowed OSHA regulations as evidence of the standard of care. (Pls.' Mot. ('286 dkt. #194) 2.) Assuming this argument has merit, plaintiffs fail to offer any reason for plaintiffs' failure to raise it in opposition to the motion to dismiss. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Moreover, plaintiffs have failed to point to any manifest error of law or fact justifying reconsideration. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the whole sale disregard, misapplication, or failure to recognize controlling precedent." (internal citation and quotation marks omitted)).

As for the request for clarification, the court's holding is straightforward enough as quoted above. Plaintiffs attempt to create a conflict in the opinion when none exists. Still, to the extent clarification is warranted, the court's opinion embraces the broader of the readings articulated in plaintiffs' motion. (Pls.' Mot. ('286 dkt. #194) 2.)

ORDER

IT IS ORDERED that plaintiffs' motions for reconsideration or clarification of June 2, 2015 Order in the following cases are DENIED:

- *Boyer*, No. 14-cv-286 (dkt. #194)
- *Masephol*, No. 14-cv-186 (dkt. #191)
- *Pecher*, No. 14-cv-147 (dkt. #174)
- *Prust*, No. 14-cv-143 (dkt. #172)
- *Seehafer*, No. 14-cv-161 (dkt. #188)
- *Sydow*, No. 14-cv-219 (dkt. #208)

Entered this 21st day of July, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge